IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

Courtney Miller                    NO._____

**Plaintiff,**

**3:CV-25-1454**

vs.

Eric Miller, Luzerne County,

Luzerne County Children and

Youth Services, The Luzerne

County District Attorney Office,

Joseph E. Mariotti Esq.

Defendants,

FILED
SCRANTON

AUG 06 2025

PER_____
DEPUTY CLERK

**Emergency Motion for Temporary Restraining Order and Preliminary Injunction**

**AND NOW,** Plaintiff, Courtney Miller, respectfully moves this Honorable Court for emergency relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, seeking a Temporary Restraining Order (TRO) and a Preliminary Injunction against Defendants. Immediate judicial intervention is necessary to prevent ongoing retaliation, irreparable harm, constitutional violations, and a miscarriage of justice.

I. FACTUAL BACKGROUND AND IMMEDIATE THREAT

Plaintiff is the sole legal custodian of her minor daughter. She is a survivor of prolonged domestic abuse and institutional retaliation. She has taken every legal step available to protect

Plaintiff is the sole legal custodian of her minor daughter. She is a survivor of prolonged domestic abuse and institutional retaliation. She has taken every legal step available to protect her daughter from emotional and physical harm—including filing multiple child abuse reports, PFA requests, and legal motions—yet the county actors responsible for her child's protection have instead acted to silence and endanger her.

A. **The Luzerne County District Attorney's Office has:**

1. Failed to charge Eric Miller with a felony, despite clear evidence of weapon possession in violation of active PFAs and probation terms.

2. Denied Plaintiff her right to a victim advocate, in violation of both VAWA and Pennsylvania law.

3. Intimidated Plaintiff from testifying through former counsel, threatened Plaintiff's former counsel, who then requested he withdraw out of fear of retaliation.

4. Accused the attorney of witness tampering, obstructing Plaintiff's access to justice and chilling any legal advocacy on her behalf.

5. Plaintiff is now too fearful to have local law enforcement escalate a current stalking investigation due to the DA's office failing in its legal duties and actively contributed to the environment of fear and suppression.

B. **Luzerne County Children and Youth Services have:**

1. Ignored multiple mandated reports and credible evidence of abuse.

2. Failed to respond when Plaintiff's child disclosed the presence of loaded firearms accessible to her abuser and omitted information from the record regarding the disclosure.

3. Violated federal protections under Kayden's Law by refusing to act on trauma disclosures and minimizing psychological harm.

4. Engaged in back-channel communication with Attorney Mariotti without Plaintiff's consent or inclusion and continuously refused to provide Plaintiff with CYS counsel contact information.

5. Delayed or obstructed the scheduling of CAC interviews and child protection steps.

6. Failed to notify Plaintiff of substantiated or pending physical abuse allegations and failed to take protective action, resulting in Plaintiff unaware of the danger – sending her minor child back into the care and custody of the alleged perpetrator.

7. Plaintiff is a Court Appointed Special Advocate (CASA) and mandated reporter, with direct knowledge of child protection protocols and family court procedures. As such, Plaintiff is well-versed in mandatory reporting, trauma-informed care, and legal standards governing abuse investigations. This professional experience makes Plaintiff acutely aware of the systemic failures and misconduct now endangering her own child.

8. Plaintiff has observed what she believes to be deliberate efforts to bury child abuse evidence, silence her, and protect institutional interests at the expense of her daughter's safety.

**C. Attorney Joseph E. Mariotti has:**

1. Admitted in court to being aware of confidential ChildLine report dates before the Plaintiff, the child's sole legal custodian, had been informed.

2. Acknowledged accessing Plaintiff's private health insurance portal to monitor her therapy appointments during an active PFA.

3. Referred to Plaintiff as "crazy", a "lunatic", and said she "needed mental health help", during a July 29, 2025 PFA hearing.

4. Invoked Plaintiff's private text messages and unrelated political writings in an attempt to discredit her during court proceedings – suggesting surveillance or hacking.

5. Was observed speaking with CYS legal counsel post-hearing and has ignored requests of Plaintiff when requesting access to the same information.

D. **Threat to Safety and Procedural Manipulation**

1. Plaintiff is being stalked, digitally surveilled, and tracked. She fears for her physical safety and that of her daughter. All local remedies have failed. The ongoing hearing process—including a pending PFA hearing on August 26 and a motion to change venue and disqualify opposing counsel set for August 27—appear coordinated to suppress her constitutional rights.

2. Following the failure of Luzerne County CYS to take any protective action despite multiple reports and red flags, Plantiff was forced to seek a Protection from Abuse order on behalf of her minor daughter. At the initial hearing, Plaintiff raised specific concerns regarding CYS's handling of the matter which included: unexplained replacement of the assigned CPS caseworker with a former GPS caseworker, the agency's failure to disclose ChildLine findings to Plaintiff while sharing information with opposing counsel, and inconsistencies in the agency's communication and internal processes. Plaintiff also testified that she had reported the misconduct to all appropriate oversight and legal agencies. The hearing was continued for 30 days without justification.

3. Following the hearing, Plaintiff filed a Motion to Change Venue and to Disqualify Counsel, due to concerns that Defendant's attorney had access to privileged information which Plaintiff herself had not received. The timing of the 30-day continuance appeared suspect, especially considering the unaddressed misconduct.

4. Furthermore, the scheduled Child Advocacy Center (CAC) interview that was coordinated by Pittston Township Police Department after Plaintiff contacted them to learn they were never notified of a physical abuse report, was unsuccessful due to the minor child's distress. The interview was not rescheduled nor has anyone replied to the Plaintiff's request as to why.

5. The hearing on the Motion to Disqualify counsel and change venue was scheduled the day after the rescheduled PFA hearing, further suggested procedural gamesmanship and collusion.

## II. LEGAL STANDARD

Under Rule 65(b), a TRO may be issued without notice if specific facts in an affidavit or verified complaint show that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard.

A Preliminary Injunction is proper where:

1. Plaintiff is likely to succeed on the merits;
2. Plaintiff faces irreparable harm without relief;
3. The balance of equities favors the Plaintiff;
4. An injunction is in the public interest.

## III. APPLICATION TO THIS CASE

Plaintiff has alleged credible, well-documented violations of:

- The First, Fourth, Sixth, and Fourteenth Amendments
- 42 U.S.C. § 1983, for constitutional violations under color of law
- 42 U.S.C. § 12291 et seq. (VAWA) – victim rights and advocate access
- 34 U.S.C. § 20341, Kayden's Law – response to abuse in custody and child services cases

The level of retaliation, intimidation, and concealment constitutes an active and ongoing denial of due process, access to counsel, and child protection. The PFA process itself is being co-opted to suppress Plaintiff's complaints and potentially eliminate her as a witness.

## IV. RELIEF REQUESTED

Plaintiff respectfully requests the Court:

1. Issue a Temporary Restraining Order enjoining:

    a. CYS from any further contact with or investigation into Plaintiff or her daughter;

    b. The DA's Office from retaliating against Plaintiff or any of her legal counsel or advocates;

    c. Eric Miller and Attorney Mariotti from accessing Plaintiff's private records or participating in court proceedings involving Plaintiff without federal oversight;

2. Restore Plaintiff's legal representation by protecting any and all counsel or advocate(s) from retaliation, and enjoin any form of witness intimidation;

3. Schedule a Preliminary Injunction hearing on the earliest available date;

4. Transfer oversight of Plaintiff's custody and safety-related litigation to federal supervision or an appropriate neutral jurisdiction;

5. Grant such other and further relief as this Court deems just and proper.

## V. INCORPORATION OF PRIOR EXHIBITS

1. Plaintiff respectfully incorporates by reference the materials previously filed with this Court in support of her Motion for Protection Order, Motion for Alternative Service, Motion to Change Venue, and Motion to Disqualify Counsel, including declarations, reports, communications, and attachments. These are appended hereto collectively as Composite Exhibit A, and are submitted in further support of this Emergency Motion to demonstrate the ongoing and irreparable harm, as well as the pattern of misconduct and retaliation described herein. In addition, Plaintiff has included her victims impact statement as Exhibit B to demonstrate the extensive history of domestic violence.

**Respectfully Submitted,**

*Courtney Miller 8/6/25*

**Courtney Miller, Plaintiff,** *Pro Se*

## Certificate of Service

I, herby certify that the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction was filed with the Clerk of Court on the 6th day of August, 2025. I have requested that the United States Marshals Service serve a copy of this Motion and any accompanying documents on the Defendants pursuant to Federal Rule of Civil Procedure 4(c)(3).

**Respectfully submitted,**

**Courtney Miller**

*[signature: Courtney Miller]*

**Plaintiff,** *Pro Se*

**538 Luzerne Ave Apartment 2**

West Pittston, PA 18643

**courtney_innocenti@yahoo.com**

570-592-1399

Date: 8/6/2025

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| **Courtney Miller** | NO. _____ |
| Plaintiff, | |
| vs. | **3:CV-25-1454** |
| Eric Miller, Luzerne County, | |
| Luzerne County Children and | |
| Youth Services, The Luzerne | |
| County District Attorney Office, | |
| Joseph E. Mariotti Esq. | |
| Defendants, | |

### PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER

AND NOW, this _____ day of _____, upon consideration of Plaintiff Courtney Miller's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, and good cause appearing, IT IS HEREBY ORDERED THAT:

1. A Temporary Restraining Order is GRANTED

2. Luzerne County Children and Youth Service (CYS) is hereby ENJOINED from any further contact with or investigation into Plaintiff or her minor daughter pending further order of the Court.

2. Luzerne County Children and Youth Service (CYS) is hereby ENJOINED from any further contact with or investigation into Plaintiff or her minor daughter pending further order of the Court.

3. The Luzerne County District Attorney's Office is ENJOINED from any act of retaliation or interference with Plaintiff, her legal counsel, or any and all advocates.

4. Eric Miller and Joseph E. Mariotti, Esq. are PROHIBITED from accessing Plaintiff's private records or participating in court proceedings involving Plaintiff unless authorized under federal supervision.

5. A hearing on Plaintiff's Motion for Preliminary Injunction is scheduled for the _____, 2025 at _____ in Courtroom _____.

6. The United States Marshals Service is directed to serve this Order and the Motion on all named Defendants without cost to Plaintiff.

BY THE COURT:

_____

**U.S.D.J.**

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| Courtney Miller | NO._____ |
| Plaintiff, | |
| vs. | 3:CV-25-1454 |
| Eric Miller | |
| Luzerne County | |
| Luzerne County Children and Youth Services | FILED SCRANTON AUG 05 2025 PER_____ DEPUTY CLERK |
| The Luzerne County District Attorney Office | |
| Joseph E. Mariotti Esq. | |
| Defendants, | |

### AFFIDAVIT OF COURTNEY MILLER

I, Courtney Miller, being duly sworn under penalty of perjury, hereby state and affirm as follows:

1. I am the Plaintiff in the above-captioned matter and the sole legal custodian of my minor daughter.

2. I submit this affidavit in support of my Emergency Motion for Temporary Restraining Order and Preliminary Injunction.

3. I am experiencing a credible and immediate fear of retaliation from both institutional actors and opposing counsel related to my efforts to protect my daughter from abuse.

4. I believe that upcoming legal proceedings, including the scheduled Protection From Abuse (PFA) hearing on August 26, 2025, are being manipulated in a manner that endangers my ability to advocate for my child and may suppress evidence of abuse.

5. These fears are grounded in past incidents, including threats to my former legal counsel, inappropriate access to confidential records, and systemic failures by Luzerne County CYS and the DA's Office.

6. I have observed what I believe to be intentional misconduct: backchannel communications, omitted disclosures, and resistance to protective measures that are required by law, including protections guaranteed under Kayden's Law and the Violence Against Women Act (VAWA).

7. My daughter has experienced increasing emotional distress from being placed repeatedly in unsafe environments, and I am struggling to maintain her mental and physical safety in the face of these procedural failures.

8. As a certified Court Appointed Special Advocate (CASA) and mandated reporter, I am well-versed in the standards for trauma-informed care and legal compliance. What I have experienced deviates drastically from those standards.

9. I am not seeking this injunction lightly, but out of grave concern for the well-being of my child, our personal safety, and the integrity of the legal process.

10. I respectfully ask this Court to grant immediate injunctive relief to prevent further harm and to ensure that our rights are protected in accordance with federal and state law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 6th day of August 2025.

**Courtney Miller**

*[signature: Courtney Miller]*

**Plaintiff,** *Pro Se*