IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COURTNEY MILLER, | : Civil No. 3:25-CV-1454 |
| Plaintiff, | : |
| | : (Judge Saporito) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| ERIC MILLER, et al., | : |
| Defendants. | : |

## MEMORANDUM AND ORDER

This matter has been remanded to the undersigned for consideration of the plaintiff's various filings, including a screening review of her amended complaint, her motions for temporary restraining orders, and her motion to appoint counsel.[1] In the interim, the plaintiff has filed a motion to amend her complaint, which attaches an amended complaint that asserts claims on behalf of a second plaintiff who has since filed her own civil lawsuit.[2] The plaintiff then filed a supplement, requesting us to strike the claims in her proposed third amended complaint relating to the second proposed plaintiff and consider only

---

[1] Docs. 2, 10, 19, 21. We will address the plaintiff's motions for TRO in a separate Report and Recommendation to the district court.
[2] Doc. 30; *see Voyton v. Voyton, et al.*, Civ. No. 3:26-CV-27.

those claims related to her.³  We will GRANT the plaintiff's motion to file a third amended complaint, but direct the plaintiff to file a single, comprehensive, and concise amended complaint asserting only those claims that she has against the various defendants and proposed defendants—the amended complaint should not contain any claims on behalf of Courtney Voyton, who has filed her own lawsuit.  The plaintiff shall file her third amended complaint **on or before February 13, 2026.**

The plaintiff has also filed a motion for appointment of counsel.⁴ While we understand the plaintiff's interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants.⁵ Instead, 28 U.S.C. § 1915(e)(1) provides that "[t]he court may request an attorney to represent any person unable to employ counsel."  The decision to appoint counsel under §1915(e)(1) is discretionary and must be made on a case-by-case basis.⁶

---

³ Doc. 32.
⁴ Doc. 19.
⁵ *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).
⁶ *Tabron*, 6 F.3d at 157-58.

The Third Circuit Court of Appeals has set forth six factors to guide our consideration of the plaintiff's request for counsel:

> (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.[7]

Additionally, the Court of Appeals has recognized several practical considerations that we must consider, such as the number of *pro se* actions filed in federal court; the lack of funding for court-appointed counsel; and the limited number of lawyers willing to undertake representation without compensation.[8] "[V]olunteer lawyer time is extremely valuable. Hence, district courts should not request counsel under § 1915(d) indiscriminately."[9]

Here, our analysis of these factors leads us to conclude that counsel should not be appointed at this time. At the outset, this case is in its early stages, with the plaintiff being given an opportunity to file an

---

[7] *Parham*, 126 F.3d at 457.
[8] *Tabron*, 6 F.3d at 157.
[9] *Id.*

amended complaint, which will be subject to a mandatory screening review due to the plaintiff's *in forma pauperis* status. While the plaintiff generally cites her indigent status and unfamiliarity with the law to indicate she is unable to proceed *pro se*, the facts of this case appear to be well known to the plaintiff, whose proposed amended complaint contains over 100 pages of factual averments and legal claims against the defendants. Further, while the plaintiff appears to heavily rely on the fact that she is a survivor of domestic violence, this does not, in itself, entitle her to pro bono counsel in this matter.

Considering the relevant factors, we will DENY this request to appoint counsel at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

> *s/ Daryl F. Bloom*
> Daryl F. Bloom
> Chief United States Magistrate Judge